HENRY M. KOLASKY, Respondent, *v.* WILHELMINA MICHELS,. Appellant.

A lease contained a covenant on the part of the lessor giving the lessee " the privilege and option of a renewal of this lease at the expiration of the time hereby demised " upon giving the lessor " notice to that effect previous to the expiration of the lease." The lessee died and his rights. and interest under the lease were duly transferred to plaintiff, who gave notice to the lessor as prescribed. In an action to compel a specific performance, *held,* that the death of the lessee did not render the covenant inoperative, and that plaintiff was entitled to the relief sought.
*W. T. Co.* v. *Lansing* (49 N. Y. 499), distinguished.

(Argued March 13, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 26, 1887, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The following is the opinion in full :

" This action is to compel specific performance of a contract to renew a lease.

" The lease containing the covenant for renewal was executed by the defendant to one Ernest Fiddeke under seal, and bore date the 28th of September, 1880.

" It provides for leasing the store floor, basement and first. floor to said Fiddeke of a house No.. 945 First avenue, New York, for five years from May first succeeding the date of the; lease.

" The covenant is in these words : 'And it is covenanted. that the party of the second part shall have the privilege and. option of renewal of this lease at the expiration of the time. hereby demised upon giving the party of the first part two· monthly notices to that effect previous to the expiration of. this lease.'

" It was also alleged and proved upon the trial that the· lessee died, and the lessee's rights and interest under the lease; were duly transferred to plaintiff. Proof was given (though: the answer, I think, admits it) that plaintiff gave notice to the· defendant of the option to have a renewal lease, and paid,

defendant the rent in advance called for upon the renewal, and which was accepted by defendant, and that defendant, nevertheless, refused to execute the renewal lease.

" The defendant, upon the trial, undertook to prove by her own testimony, among the matters set up in the answer, that it was represented to her by the lessee that the lease was merely personal, and would terminate on the death of either of the parties to it, and that she was unable to read or properly understand the lease ; that the lessee agreed to make valuable alterations in the building, but did not, and so injured the building, etc.

" The appellant contends that the covenant in the lease was, after the death of the lessee, inoperative to compel a renewal of the lease. Objection was made to proof by defendant of various matters in the answer, and the evidence was excluded and the defendant excepted, and the exceptions are presented for consideration upon this appeal as well as the validity of the covenant for renewal. It seems to me very clear that there was a valid and operative covenant for a renewal of the original lease for another term, and I perceive nothing in the case cited by the appellant ( *W. T. Co.* v. *Lansing*, 49 N. Y. 499), and the cases there cited, to the contrary.

" Nor can I perceive any error in the ruling of the learned trial judge in excluding the evidence sought to be introduced from the defendant. *Some* of such evidence was to vary the terms of a written lease by parol, and *all* of it was to proceed from the defendant, and had relation to personal communications and transactions between her and Ernest Fiddeke, deceased, the original lessee from whom the plaintiff derived his title and rights in respect to a renewal lease, and was, therefore, incompetent.

" The judgment should be affirmed, with costs."

*Thomas Bracken* for appellant.

*Leon Lewin* for respondent.

Potter, J., reads for affirmance.
All concur.
Judgment affirmed.