(112 App. Div. 543)

BAKER v. PACKARD.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

CONTRACTS—WRITINGS—CONSTRUCTION.

Plaintiff's attorneys wrote to defendant, giving him an option to purchase at any time within 10 days certain mortgage bonds owned by plaintiff, who was to retain and collect past due unpaid interest coupons thereon, defendant to pay a certain sum in cash, and, in case of realizing on the bonds without bidding on the property securing the same on foreclosure sale, to pay plaintiff one-half his profits. Defendant in reply wrote that he elected to purchase the bonds, and desired a date set at which the parties might get together, whereupon plaintiff's attorneys wrote they would be glad to have defendant call the following day to make the transfer mentioned in his letter, and requesting him to wire when he would arrive, and they would have their client there. Held, that the correspondence made a valid and binding contract, entitling plaintiff to recover for defendant's breach thereof in refusing to purchase the bonds.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 119.]

Williams and Kruse, JJ., dissenting.

Appeal from Trial Term, Monroe County.

Action by Frances A. Baker against Mark Packard. From a judgment for plaintiff, and from an order denying motion for a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Joseph G. Dudley, for appellant.
Hiram R. Wood, for respondent.

McLENNAN, P. J. The facts are not in dispute. The only question presented by this appeal is whether or not the correspondence which passed between the parties, consisting of three letters—two written for and on behalf of the plaintiff and one by the defendant—constitutes a valid and binding contract. On the 24th day of October,

1903, McGuire & Wood, attorneys at Rochester, N. Y., for and on behalf of the plaintiff, wrote to the defendant as follows:

"Dear Sir: We are authorized by Miss Frances A. Baker of this city to give you on her behalf, and you may consider this letter, an option to purchase, at any time within ten days from this date, the sixteen thousand dollars' worth of second mortgage bonds of the Consolidated Gas & Electric Company of Batavia, N. Y., owned by her, upon the following terms and conditions: (1) She to retain and collect the past due unpaid interest coupons, the same to be collected as soon as may be without prejudicing the foreclosure action now pending. (2) You to pay eight thousand dollars in cash, and our bill for services and disbursements in the matter to date of transfer, not exceeding say four hundred dollars. (3) If you take the bonds under the foregoing conditions, and sell them, or they are paid or otherwise realized upon, and you are not obliged to bid in the property on the foreclosure sale, you to give Miss Baker, in addition to the above amounts, one-half of your profits on the bonds. (4) This option to be void and inoperative after ten days from date. We found the inclosed copy of the second mortgage in our papers, which we are glad to let you have.

"Yours very truly,                          McGuire & Wood."

On November 2, 1903, the defendant wrote to McGuire & Wood the following letter:

"Gentlemen: Replying to yours of Oct. 24, beg to say that I elect to purchase these bonds, and wish you would kindly set a date at which we can get together. Please say nothing to the Consolidated Gas & Electric Co. about this, nor to any one else in fact.

"Yours truly,                              Mark Packard."

On the following day, November 3, 1903, McGuire & Wood mailed to the defendant the following letter:

"Dear Sir: We would be glad to have you call here to-morrow to make transfer mentioned in yours of yesterday. Wire when you will arrive, and we will have client here.

"Yours truly,                             McGuire & Wood."

When this letter reached the office of the defendant on November 4, 1903, he was out of the city of Buffalo, and continued to be away for a week thereafter, and no reply was received from him in answer thereto. The defendant refused to accept or pay for the bonds referred to in the letter of October 24th, although requested so to do, and they were duly tendered to him, and thereupon this action was brought.

No question is raised but that the judgment represents the correct amount in case the plaintiff is entitled to recover. We think the correspondence, consisting of the three letters referred to, makes a valid and binding contract, and that upon a breach thereof the plaintiff was entitled to recover the damages sustained. The letter of October 24th is clear and explicit. It states exactly upon what terms and conditions the defendant might purchase the bonds in question. Before the 10 days mentioned therein expired, and by his letter of November 2d, the defendant said, in effect, that he elected to purchase the bonds upon the conditions stated in plaintiff's letter of October 24th, and he asked, in substance, that the plaintiff's representatives fix a day certain when the transfer might be made and the purchase price paid. The plaintiff's representatives designated the day following as the time to make such transfer and complete the transaction. The correspondence is, in effect, an offer by the plaintiff to sell certain property, to be transferred by the seller and paid for by the buyer within 10 days, a state-

ment· by the purchaser that he· accepts the offer, and a request that the seller fix a date when the transfer·may be made and money paid, which is fixed·at a day. within the 10-day period.   The offer and acceptance, with request that a date be fixed for the completion of the transaction, and the fixing of such· date by the plaintiff, made the contract.   It cannot be questioned if the defendant·had appeared in Rochester on the 3d day of .November, and demanded of the plaintiff the bonds in suit, she would have been obligated to deliver the same upon compliance by him with the conditions specified in the option.   The fact that after the expiration of such time the contract may have ceased to be binding upon her in case the defendant made default by refusing to pay we consider of no importance.   The defendant would then have been in the position of having made a default, but, the plaintiff having been at all·times, ready and· willing to perform, he could.,not urge the default upon his part as a ground for insisting that the agreement was not en-forceable by her.

·, The alleged agreement is not, as it· seems to, us, novel or unusual. A person offers to sell property belonging to him at a certain price, to be received and paid for within a certain specified time.   The offer is accepted, and the seller is asked to fix a day certain within the option period·when the property may be. delivered and the purchase price paid, which the seller does.   Can there be any doubt but that under such cir-cumstances a valid contract has been made?   In the case at bar, if the plaintiff in her letter of October· 24th had asked the defendant, in case he accepted her offer, to fix.a place and time within the 10 days limited when the bonds might be delivered and the purchase price paid, and the defendant had fixed such time and place, which was assented to. by the plaintiff, could there have been any doubt but that if the plaintiff had appeared at such time and place, ready to fulfill upon her part, that the defendant upon his failure to perform would have been liable as upon breach of contract?   The case at bar, as proven by the correspondence in question, is no different upon principle.   The de-fendant, in effect, stated to the plaintiff, "I accept your proposition to sell, but you fix a time and place where my acceptance of your option may be·consummated."   This the plaintiff did, and we can hardly con-ceive of correspondence which more effectually makes a contract alike binding upon both parties.

The case of Blanchard v.·Archer, 93 App. Div. 459, 87 N. Y. Supp. 665, relied upon by appellant's counsel, we do not consider in point. There the question related to the sale of real property.   In that case the party seeking to enforce the contract was the person who had not complied with its conditions within the time specified, and there was no suggestion, as in this case, that the seller fix the date for the con-summation of the agreement.

We think it is so elementary that perhaps authority cannot be found which decides the express proposition that if a person offers in writing to sell his property upon condition that a certain price be paid within a certain specified time, and another accepts in writing such proposi-tion, but asks the proposed seller to fix a date when the transaction can be consummated, and the seller does so in a reasonable manner, that such correspondence constitutes a valid contract, alike binding

upon both parties. In the case at bar the plaintiff offered to sell bonds upon certain conditions. The defendant agreed to accede to plaintiff's proposition, and asked her to fix a date on which the transaction should be consummated, which she did. Thus a valid contract was made, and for the breach of it the plaintiff was entitled to recover the damages sustained.

We conclude that plaintiff's offer to sell her bonds, as evidenced by her letter of October 24, 1903, the defendant's answer thereto under date of November 2, 1903, and the plaintiff's reply, dated November 3, 1903, taken together, constituted a valid contract, which was enforceable by either party; but, the defendant having made default, the plaintiff is entitled to recover the amount of damages sustained by the breach of such contract, she having been at all times ready and willing to perform.

It follows that the judgment and order appealed from should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur, except WILLIAMS and KRUSE, JJ., who dissent.