(89 Misc. Rep. 516)

### WALKER v. BRADLEY et al.

(Supreme Court, Special Term, Cayuga County. March, 1915.)

1. SPECIFIC PERFORMANCE ⊙⟶17—EXECUTORY CONTRACT—PARTIES—HEIRS.

The interest of one contracting party in an ordinary executory contract for the sale and purchase of land, descends as realty on the death of such party, and an action for enforcement of the contract can be maintained only by his heirs.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 38–46; Dec. Dig. ⊙⟶17.]

2. EXECUTORS AND ADMINISTRATORS ⊙⟶134—LEASE FOR YEARS—RIGHT TO ENFORCE—EXECUTRIX.

Since, under the express provisions of Code Civ. Proc. § 2672, a lease for years and all rights thereunder belong to the personal representative of the owner of the lease, his executrix may enforce, for the benefit of the estate, any covenant of the lease, whether it runs with the land or not.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 550; Dec. Dig. ⊙⟶134.]

3. SPECIFIC PERFORMANCE ⊙⟶17—LEASE FOR YEARS—OPTION TO PURCHASE—ENFORCEMENT BY EXECUTRIX.

Where a decedent, at the time of his death, owned an unexpired lease for years, containing an optional clause permitting the lessee to purchase the premises, his executrix could sue to compel specific performance of the covenant to convey.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 38–46; Dec. Dig. ⊙⟶17.]

Action by Kate S. Walker, as administratrix, etc., against Samuel Bradley and others. Demurrer to complaint overruled.

H. F. Millard, of Fair Haven (Charles F. Lyon, of Auburn, of counsel), for plaintiff.
Joseph P. O'Connor, of Oswego, for defendants.

SAWYER, J. This controversy has arisen over a lease made by the defendants Samuel and Ella Bradley to plaintiff's intestate, Ross Walker. The instrument leased the property for the period of five

years at an annual rental of $175. In addition to the usual provisions, it contained an optional clause for the purchase of the land by the lessee. The lessee entered into and remained in possession of the premises until February 26, 1911, when he died intestate, leaving a widow, Kate S. Walker, and two infant children, Stuart S. Walker and Curtis S. Walker. The widow was thereafter duly appointed administratrix of his estate and remained in possession of the premises until October 15, 1913, when she exercised the option by tendering the stipulated sum of $1,800 to the defendants Bradley and requesting the execution and delivery to her, as such administratrix, of a deed of the premises. This was refused, and she now brings this action for specific performance.

[1] Defendants Bradley demur, on the ground that there is a defect of the party plaintiff, "inasmuch as Kate S. Walker in her representative capacity has no real interest in the real estate sought to be recovered by this action, and is not the party in whom the property would vest if recovery should be made." If this was an ordinary executory contract, made between plaintiff's intestate and the defendants Bradley, it is undoubtedly true that his interest would descend as real estate, and an action for the enforcement of the contract could only be maintained by his heirs. Williams v. Kinney, 43 Hun, 1; Palmer v. Morrison, 104 N. Y. 132–138, 10 N. E. 144.

[2, 3] That, however, is not the situation here presented. No executory contract of sale in the proper sense exists between the parties. Plaintiff's intestate held a lease for years, which contained an option for purchase which, at his death, had not been exercised. This option was not a contract of sale, but simply a covenant running with the land (McAdam, Landl. & Ten. [3d Ed.] 465), and under well-understood principles, in the absence of any limitation contained in the lease itself, it inured to the benefit of whomsoever might come in under the original lessee. Taylor, Landl. & Ten. § 262; Wood, Landl. & Ten. 501; Schouler, Pers. Prop. 62; Kolasky v. Michels, 120 N. Y. 635, 24 N. E. 278; Probst v. Rochester Steam Laundry Co., 171 N. Y. 584, 64 N. E. 504; Personal Property Law, § 41.

By section 2672 of the Code of Civil Procedure leases for years are declared to be personal property and to belong to the personal representatives for application or distribution as such. It will be observed that this statute is without any limitation whatsoever. All such leases and all rights thereunder are to go to and belong to the personal representative, and this includes covenants contained in such instruments, whether running with the land or otherwise. The ownership of a lease carries with it, of necessity, as has been above pointed out, the power to enforce same in accordance with its terms for the benefit of the estate of the decedent and those who are entitled to the proceeds thereof.

It follows, therefore, that this plaintiff, being the owner of a lease which contains an option for purchase of the land, is entitled to exercise that option for the benefit of the estate which she represents, and upon refusal of the lessors to comply with their covenant is empowered to, in her representative capacity, maintain this action for its enforce-

ment. The demurrer herein is overruled, with costs, with the usual leave to defendants to answer within 20 days after service of notice of judgment hereon.

Demurrer overruled, with costs, with usual leave to answer within 20 days after service of notice of judgment.