William Perle and Another, Appellants, *v.* National Fertilizer Company, Respondent.

First Department, May 29, 1925.

**Vendor and purchaser — option in lease — option provided that defendant would name price at which it would be willing to sell to plaintiffs at expiration of lease — complaint is insufficient for failure to allege that price was named or that plaintiffs demanded price and in absence of allegation that defendant broke contract by selling to others before termination of lease.**

A complaint in an action based on an option to buy contained in a lease, which option provided that the defendant would name the price at which it would be willing to sell the property to plaintiffs at the expiration of the lease, is insufficient, which does not allege that the defendant named the price or that the plaintiffs demanded that the price be fixed, and which contains no allegation of an anticipatory breach of the option upon a sale by the defendant to third persons prior to the termination of the lease.

Appeal by the plaintiffs, William Perle and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of November, 1923, granting defendant's motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and also from a judgment entered in said clerk's office on the 3d day of December, 1923, pursuant to said order.

*Jacob Klein* [*I. Maurice Wormser, William Klein* and *Milton R. Weinberger* with him on the brief], for the appellants.

*Sullivan & Cromwell* [*E. H. Sykes* of counsel; *H. R. Lamb* with him on the brief], for the respondent.

Dowling, J.:

The complaint herein sets forth that on the 18th day of February, 1920, plaintiffs and defendant entered into an agreement of lease in writing under the terms of which defendant leased to the plain-

tiffs, the premises known as Nos. 114, 116 and 118 Jamaica avenue, Brooklyn, New York city, for a term of three years beginning March 1, 1920, at a yearly rental of $1,000 per annum for the first year and $1,500 per annum for the balance of the term, which the plaintiffs agreed to pay in equal monthly installments in advance, and also agreed to pay all water charges. Said lease is alleged to have contained the following clause: " It is understood and agreed that the parties of the second part [plaintiffs herein] have an option to purchase the said premises at whatever price the parties of the first part [defendant] will accept for said property at the expiration of this lease. Option to purchase to be promptly exercised by parties of the second part as soon as price is named them." It is then set forth that plaintiffs duly entered into possession of said premises, and duly performed all the terms and conditions thereof on their part to be performed; but that defendant in violation of the terms of said lease failed and refused to give plaintiffs the option to purchase said premises, although plaintiffs were at all times ready, willing and able to purchase same for the same price that defendant was willing to accept for said property, and in violation of its agreement with plaintiffs sold the property to others than the plaintiffs herein.

I am of the opinion that the learned court at Special Term properly held that this complaint failed to state facts sufficient to constitute a cause of action.

Under the terms of the option defendant was called upon, at or before the expiration of the lease, to name to plaintiffs the price at which it was willing to sell to them. It would not be enough that it had named a price to some one else; it must be the price at which it was willing to sell the property in question specifically to these plaintiffs. This interpretation is confirmed by the requirement that the option must be exercised by plaintiffs " as soon as price is named them," obviously by defendant.

If no price was named by defendant to plaintiffs at or before the expiration of the lease, it was the duty of the latter to call on defendant to name its price for selling to them at the expiration of the lease.

The complaint contains no appropriate allegation of either of these alternatives.

The only event in which such allegations would not be required would be in the event of an anticipatory breach of the option by defendant, such as its sale and transfer of the property to some other party before the time when the option was to mature (at the expiration of the lease), thus putting it out of its power to perform under the option. Of this there is likewise no allegation.

The language of the option in this case is very different from that used in the options in *Bullock* v. *Cutting* (155 App. Div. 825) and *Jurgensen* v. *Morris* (194 id. 92). In the first named case the agreement read: " Parties of the first part [plaintiffs] reserve the right to sell said property at any time during this term, providing, however, that the party of the second part [defendant] may have the first option of buying at the price which first parties desire to sell at if so desired. If the second party does not desire to avail himself of the right to purchase said premises in case a sale is made, then he agrees to vacate the same on thirty days' notice upon a *bona fide* sale of said property." There, the lessor notified the lessee that he had an opportunity to make a *bona fide* sale at a certain price and the lessee must exercise his option to purchase if he so desired, and the lessee served notice that he would purchase at that price within the time set, and it was held that the contract of sale became complete, the lessee was a purchaser in possession and the lessor could not maintain summary proceedings to dispossess him.

In the second case the clause read: "And the said parties of the first part agree that in the event of their desire to sell the above mentioned property, before the expiration of this lease, that the party of the second part shall have the first option to purchase." It was held that such a clause obligated the landlord, if he wished to sell to another person during the term, to offer the property to the tenant on the same terms as those offered to the landlord by a third person.

In the present case, defendant's only agreement was to notify plaintiffs of the price it would accept from them. There was no agreement that it would give plaintiffs the first option of buying at the price it was willing to accept from any one else, as in the *Bullock* case; nor a general unqualified option of purchase, as in the *Jurgensen* case.

The language of the clause creating the option is controlling, and for the reasons above assigned the complaint does not set forth a good cause of action.

The order and judgment appealed from should, therefore, be affirmed, with costs to respondent, with leave to appellants to serve an amended complaint within twenty days on payment of said costs and of the costs of the action to date.

CLARKE, P. J., MERRELL, McAVOY and BURR, JJ., concur.

Judgment and order affirmed, with costs, with leave to plaintiffs to serve an amended complaint within twenty days on payment of said costs and costs of action to date.