WILLIAM PERLE and Another, Respondents, *v.* NATIONAL FERTILIZER Co., INC., Appellant.

First Department, June 8, 1928.

*E. H. Sykes* of counsel [*Sullivan & Cromwell*, attorneys], for the appellant.

*Sydney M. Heimann* of counsel [*William Klein* with him on the brief; *Jacob Klein*, attorney], for the respondents.

MARTIN, J. The plaintiffs seek to recover damages from the defendant because of the alleged failure of the defendant to comply with an option contained in a written lease between the parties.

The clause of the lease referred to reads as follows: " It is understood and agreed that the parties of the second part have an option to purchase the said premises at whatever price the parties of the first part will accept for said property at the expiration of this lease. Option to purchase to be promptly exercised by parties of the second part as soon as price is named them."

The plaintiffs were the parties of the second part, the tenants. Prior to the termination of the lease the defendant contracted with a third person to sell the premises in quest on and the adjoining premises for $20,000. The plaintiffs were not notified of the proposed sale until the contract had been signed. The agreement to sell was assigned by the purchaser to the Kralafco Building Corporation. One Regina Perle, evidently plaintiff's representative, contracted to buy the premises from the Kralafco Building Corporation at a price of $17,500, of which $3,000 was paid in cash and the balance secured by mortgages. The Kralafco Building Corporation executed its deed to the plaintiffs. All of these transactions took place prior to the expiration of the term of the lease from the defendant to plaintiffs.

It was established by plaintiffs that the property in question had a market value in 1922 and early in 1923 of $11,000, and one of the plaintiffs' experts fixed the value at $10,750. Evidence as to what part of the total purchase price of $20,000 was fixed by this defendant and the representatives of the buyer as the value of the adjoining premises known as Nos. 114–118 Jamaica avenue, was excluded over objection and exception.

The court found for the plaintiffs for the sum of $6,500, the difference between the price paid by the plaintiffs to the Kralafco Building Corporation, $17,500, and $11,000, the market value of the premises as testified to by the witnesses for the plaintiffs.

The action was before this court on a prior occasion. The defendant at that time urged, in its endeavor to dismiss the plaintiffs' complaint, that the plaintiffs had no cause of action against the defendant, because the option agreement for the breach of which this action was commenced was unenforcible, being too vague, indefinite and uncertain. This court then said: " Under the terms of the option defendant was called upon, at or before the expiration of the lease, to name to plaintiffs the price at which it was willing to sell to them. It would not be enough that it had named a price to someone else; it must be the price at which it was willing to sell the property in question *specifically to these plaintiffs*. This interpretation is confirmed by the requirement that the option must be exercised by plaintiffs ' as soon as price is named them,' * * *. In the present case, defendant's only agreement was to notify plaintiffs of the price it would accept from them." (213 App. Div. 95.) (Italics are the writer's.)

The trial court has held that the agreement was an offer to sell at a reasonable price before the demised premises would be sold to a third party. The demised premises and adjoining property were under the same control.

The prior decision was understood by the trial court to require some recovery; and as a practical matter the reasonable value was adopted by the trial court as a basis of calculation, though it was not the basis of the agreement.

The recovery in this case is known as "special damages." General damages would be fixed by value less agreed price, the price at which the property should have been purchasable by plaintiff, whatever that may be. General damages would be found by applying a rule which would not vary because of the special position of the persons damaged. Here plaintiffs conceived they would be specially damaged if they did not remain in the same premises. Apparently one reason for this was that they use machinery which is costly to set, as it does fine lace work and must be very carefully installed. General damages would not vary with the persons whose option agreement was breached, whereas these plaintiffs seem to have recovered on the theory that they had to purchase to make themselves whole. If they had to purchase to avoid greater damage from loss of location, or for some other reason, following loss of possession of the demised premises, the circumstances are special to them. In recovering on such a basis they appear to have recovered special damages not pleaded as part of their claim, which requires a reversal.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., FINCH, MCAVOY and PROSKAUER, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.