SELMAR GARAGE CORPORATION, Respondent, v. RINK REALTY CORPORATION, Appellant, et al., Defendants.— Action for specific performance of an alleged contract. Appeal from so much of an order as denies appellant's motion to dismiss the complaint for insufficiency. Order, insofar as appealed from, affirmed, with $10 costs and disbursements, with leave to appellant to answer within ten days from the entry of the order hereon. No opinion. Carswell, Acting P. J., Adel and Wenzel, JJ., concur; Johnston, J., dissents and votes to reverse the order and to grant the motion, with the following memorandum, in which Nolan, J., concurs: We may assume when the United States terminated its tenancy and Rink failed to notify Selmar of such termination and of the basic terms and conditions on which Rink would lease to Selmar, that Rink breached its agreement. However, the question before us is whether plaintiff is entitled to specific performance by reason of that breach. Essentially, the relief demanded in the present complaint is that Rink lease to plaintiff on the same terms as it leased to Timely. The agreement of January 29, 1945, does not give Selmar any such right. The agreement expressly provides that " the sole right granted to Selmar hereby shall be the first opportunity to negotiate with Rink for a lease of said premises." Rink is merely required to notify Selmar of the basic terms and conditions on which it was willing to lease to it, which might be entirely different from the terms on which it was willing to lease to Timely. There was no agreement that Rink would give plaintiff the first option of leasing on the same terms it was willing to accept from anyone else. (*Perle* v. *National Fertilizer Co.*, 213 App. Div. 95.) Paraphrasing the language of the Court of Appeals in *Mayer* v. *McCreery* (119 N. Y. 434, 439), plaintiff does not have the right to ask that appellant specifically perform upon proof that plaintiff was willing to enter into a lease on the same terms as appellant leased to Timely, which terms were reasonable in themselves and which appellant ought to have agreed upon, but which, without reason, appellant had refused. Appellant was under no obligation, under the terms of the contract relied upon by plaintiff, to give plaintiff a lease on such terms, and appellant's arbitrary refusal to lease on such terms would be a sufficient answer to the demand for the execution of the lease. Under this agreement appellant had a right to ask plaintiff even for an outrageously high rent as part of the " basic terms and conditions upon which Rink will enter into a lease of said garage

premises with Selmar." To give plaintiff a right to ask for a lease on the same terms as that given to Timely is to give plaintiff a right which the agreement does not give it. [See *post,* p. 995.]