John V. Vaughn, J.
On July 1,1968, petitioner and respondents entered into a lease agreement which was to commence on July 15, 1968 and run until July 15, 1970. The agreement contained an option-to-purchase clause which read as follows: “ Tenant may, provided all payments have been current, exercise an option four months from termination of lease to purchase the premises for $16,990 and to receive a credit of $25 for each installment paid.” On February 27, 1970 tenants respondents exercised their option to purchase and demanded a written contract of sale. From this point on different facts are propounded by each of the parties. Tenants respondents allege that since the end of the lease term on July 14, 1970 they have paid and petitioner has accepted the monthly rent of $150. Petitioner alleges that on July 20, 1970, notice was given to the respondents that on August 14, 1970, in accordance with the agreement, a deed would be tendered to them and at which" time it would be expected that the fpll consideration would be paid. Respondents by way of their attorney rejected the notice of closing for several reasons and reiterated their demand for a written contract of sale. Thereafter on September 5, 1970 a 10-day notice was served upon respondents to remove from the *239 premises, and subsequently this summary proceeding was commenced.
Respondents argue that upon the exercise of the option, they became vendees in possession of the premises, and that petitioner was obligated to execute a contract of sale, and, in addition, cannot maintain summary proceedings. Respondents’ second argument is that since there was no contract of sale, subdivision 9 of section 713 of the Real Property Actions and Proceedings Law is inapplicable and a 10-day notice was improper. It is also claimed that the acceptance of rent after the expiration of the lease term and after the service of a 10-day notice bars the maintenance of a summary proceeding. The third and last argument of respondents is that if a new tenancy came into existence on July 15, 1970, it did so by operation of law and as such is a month-to-month tenancy. Under such tenancy a 30-day notice to terminate is required.
Petitioner argues that since respondents are vendees in possession, section 713 of the Real Property Actions and Proceedings Law is applicable. Section 713 of the Real Property Actions and Proceedings Law reads as follows: “ A special proceeding may be maintained under this article after a ten-day notice to quit has been served upon the respondent * * * upon the following grounds: * * * 9. A vendee under a contract of sale, the performance of which is to be completed within ninety days after its execution, being in possession of all or a part thereof, and having defaulted in the performance of the terms of the contract of sale, remains in possession without permission of the vendor.”
We move now to a determination of whether the facts of this case come within the purview of subdivision 9 of section 713.
Upon accepting an option to buy contained in a lease, the option becomes a binding contract of sale, and the tenant becomes a purchaser in possession. (Bullock v. Cutting, 155 App. Div. 825; Rasch, Landlord and Tenant, § 626.) The question then arises as to what the relationship is between the parties after the exercise of an option. The possibilities are that the relationship of landlord and tenant terminates and that of vendor and purchaser in possession arises, or that the two relationships exist simultaneously. The determining factors in this regard are the contract and the intention and the actions of the parties. Generally, if there is no express provision in the lease agreement to indicate an intention that both sets of relationship should co-exist during the pendency of the contract of sale and before its consummation, as a general rule the courts will apply the rule of merger, and merge the two *240 estates. (Bullock v. Cutting, supra; 33 N. Y. Jur., Landlord and Tenant, § 198.) However, the doctrine of merger will not be applied where the surrounding facts and circumstances exhibit an intent to the contrary (cf. Rae Co. v. Courtney, 250 N. Y. 271). It has been held for example that where the parties provide that the tenant shall continue to pay rent until title is conveyed, that the intent of the parties is that the relationship of landlord and tenant shall not be terminated upon the exercise of the option to buy. (Peck v. Reid, 123 N. Y. S. 253.) Therefore, in such situations upon the exercise by the tenant of the option to buy, both relationships shall co-exist (Bostwick v. Frankfield, 74 N. Y. 207; Peck v. Reid, supra, Rasch, Landlord and Tenant, § 632).
In the case at bar, there is a strong possibility that the parties intended both relationships to exist. Petitioner and respondent in their papers speak of the termination date of the lease. If there were no intention that the relationships co-exist, it would be unnecessary to refer to the lease, for it would be merged into ■the contract of sale. Subsequent to the exercise of the option and as a matter of fact after the termination date of the lease, respondent continued to pay and petitioner continued to accept the rent of $150 per month. Therefore, there is an indication here that the intention of the parties was to the effect that the relationships co-exist. (Bostwick v. Frankfield, supra.) In such case where the estates are not merged, respondent becomes a month-to-month tenant at the expiration of the lease and entitled to a 30-day notice to terminate.
It is apparent that prior to the enactment of section 713 of the Beal Property Actions and Proceedings Law, there was no right to bring summary proceedings against a vendee in possession (Bullock v. Cutting, supra). It is the statute which creates that right, and the requirements of that section (Beal Property Actions and Proceedings Law, § 713, subd. 9) should be strictly complied with. In order to come within the purview of subdivision 9 of section 713, it is necessary that the respondent be a vendee under a contract of sale, and it must be provided that the performance of the contract be completed within 90 days after its execution. The option clause in the lease under consideration did not provide a time for performance. In such a case where no closing date is set forth, a reasonable time to perform is presumed. (Tobias v. Lynch, 192 App. Div. 54, affd. 233 N. Y. 515; 62 N. Y. Jur., Vendor and Purchaser, § 37.) Applying this rule to the case at bar, it is apparent that the contract did not of necessity have to be completed within the required 90-day period. Therefore, subdivision 9 of section 713 *241 of the Beal Property Actions and Proceedings Law is inapplicable here, and since this is the only recourse which petitioner has sought, the bringing of the summary proceeding under this theory was improper, and the petition must be dismissed.
The motion to dismiss the petition is granted.