■ RONALD W. MACALUSO, SR., Respondent, v RHODA B. STROMER, Appellant.—In an action for specific performance of an option to purchase clause contained in a residential lease, the defendant appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered December 5, 1988, which, after a nonjury trial, is in favor of the plaintiff and against her.

Ordered that the judgment is affirmed, with costs.

In June 1981 the parties entered into a written lease, under the terms of which the plaintiff rented the defendant's home in Woodmere, Long Island, for a period of five years. The lease also contained an option to buy the subject premises for $115,000, exercisable more than three months after the expiration of the term of the lease. According to the defendant, the date on which the option to purchase could be exercised was purposefully delayed until after her fifty-fifth birthday, for tax purposes. Approximately two weeks before the lease was to expire, the defendant notified the plaintiff that she did not intend to renew the lease, and instructed him to vacate the premises. He replied by indicating that he intended to exercise the option to buy the premises.

Shortly thereafter, the defendant commenced an action in the District Court in Nassau County to evict the plaintiff and to recover possession of the premises, and the plaintiff counterclaimed for specific performance of the option clause. The District Court entered judgment in the defendant's favor, and further found that it did not have jurisdiction to entertain the plaintiff's request for specific performance. The plaintiff then commenced the instant action seeking specific performance of the option clause, and the eviction proceedings were stayed pending its outcome. After a nonjury trial, the court determined that the lease and the option to purchase clause were valid, and awarded the plaintiff specific performance of the option. We affirm.

The evidence adduced at the trial supports the trial court's conclusion that the option to purchase clause was intended to be separate and distinct from the lease, and that the termination of the period of the lease did not terminate the plaintiff's right to exercise the option to purchase (see, Hutt v Johnson, 135 AD2d 501; Bado Realty Co. v Oetjen, 5 Misc 2d 914). Moreover, the trial court properly determined that the option to purchase clause was supported by valid consideration (see, Barringer v European Am. Bank & Trust Co., 138 AD2d 437; Bullock v Cutting, 155 App Div 825; see also, Farber Hempstead Corp. v Buckley, 65 Misc 2d 237), and we decline the defendant's invitation to exercise our equitable powers to either set aside the option clause or to reform the purchase price to reflect a more equitable value as of the date the option was exercised (see, Spaulding v Benenati, 57 NY2d 418, 423). Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.