**In re George K. & Margaret MAIER, Debtors.**

**Bankruptcy No. 91-20391.**

United States Bankruptcy Court, W.D. New York.

May 21, 1991.

Sidney K. Schoenwalk, Rochester, N.Y., for Gary Craft.

Paul M. Aloi, Rochester, N.Y., for debtors.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This matter is before the Court on the Motion of Gary Craft requesting relief from the automatic stay to pursue a State Court action for specific performance of an option to purchase real property.

In 1984, George Maier, the Debtor, leased his 95 acre farm to Gary Craft for a one year term with annual options to renew. The renewal options could be exercised a total of six times. Thus, the lease could have conceivably run to February 17, 1991. Mr. Craft has farmed the land since 1984 but does not reside upon the property. The lease also gave Mr. Craft an option to purchase the property for $400,000 payable in cash at closing or $200,000 at closing with a purchase money mortgage at the prevailing rate of interest for 15 years.

Mr. Craft brought an action in State Court on March 15, 1990 requesting specific performance of the purchase option. Mr. Craft alleged he exercised the option and is ready and willing to pay the $400,000 purchase price but the Debtor refused to accept the purchase price and convey title. The Supreme Court of New York, County of Monroe, continued Mr. Craft in possession of the property, allowed him to continue farming operations and required he post a bond to protect the Debtor.

The Debtors filed their petition on February 14, 1991. On March 11, 1991, Mr. Craft brought a Motion for relief from the stay to continue his State Court action for specific performance. In response, the Debtor requested the Court deny the Motion and allow him to reject any alleged purchase contract between the parties as an executory contract, pursuant to 11 U.S.C. § 365(a). The Court's concern is that even if the Debtor rejected the purchase contract as an executory contract, Mr. Craft as a purchaser in possession would have the option to remain in possession and pay the purchase price in accordance with the terms of the purchase contract, pursuant to 11 U.S.C. § 365(i).[1]

---

1. Section 365(i) states:

(1) If the trustee rejects an executory contract of the Debtor for the sale of real property or for the sale of a timeshare interest under a timeshare plan, under which the purchaser is in possession, such purchaser may treat such contract as terminated, or, in the alternative may remain in possession of such real property or timeshare interest.

(2) If such purchaser remains in possession—

(A) such purchaser shall continue to make all payments due under such contract, but may, offset against such payments any damages occurring after the date of the rejection of such contract caused by the nonperformance of any

■ The Debtor concedes that if the option was properly exercised, an executory contract for the purchase of the farm was created. However, the Debtor argues that Mr. Craft breached the lease and did not properly exercise the option. The Debtor also asserts that § 365(i) is not applicable to every executory contract for the purchase of real property where the purchaser is in possession but only to those where the purchaser has gained possession through a prior conveyance of title. To support this argument, the Debtor cites legislative history which states section 365(i) is intended to protect a "purchaser of real property under a land installment sales contract ..." S.Rep.No. 95–989, 95th Cong., 2d Sess. 60, reprinted in 1978 U.S.Cong. & Ad.News 5787, 5846. The Debtor argues that even if the option was properly exercised, a fact he disputes, the contract created was not a "land installment sales contract", and the purchaser is not entitled to the protection afforded a purchaser in possession under § 365(i). While the Debtor may be correct that the contract created by the exercise of the option is not a "land installment sales contract", an interpretation of § 365(i) which limits its application to such contracts is at odds with both the plain language of the statute and the case law construing it.

■ The plain language of the statute is clear. It uses the phrase "purchaser in possession" without qualification. The language of the statute itself does not require the purchaser in possession be in possession under a particular type of executory contract such as a "land installment sales contract". The plain meaning of the statute should be conclusive, except where a literal application will produce a result which conflicts with the intentions of its drafters. *United States v. Ron Pair Enterprises*, 489 U.S. 235, 241–43, 109 S.Ct. 1026, 1030–32, 103 L.Ed.2d 290 (1989). This interpretation is consistent with the purpose and intent of the drafters of

§ 365(i) to protect non-debtors in possession of property where the debtor is the vendor. *See McCannon v. Marston*, 679 F.2d 13, 18 (3rd Cir.1982); *In re Smith*, 71 B.R. 754 (Bankr.M.D.La.1987); *In re Booth*, 19 B.R. 53, 62 (Bankr.D.Utah 1982).

To limit the type of contract to which § 365(i) applies is to ignore the statutory scheme set up by Congress to protect those who deal with a debtor when the debtor is the owner of real property. Section 365(h) provides protection for a lessee or owner of a timeshare interest when the debtor is the lessor or timeshare interest seller and rejects the lease or timeshare agreement. 11 U.S.C. § 365(h). Both a purchaser in possession who relinquishes possession and a purchaser who is not in possession are granted a lien against the interest of the debtor in such property for the amount of the purchase price paid if the debtor rejects the purchase contract. 11 U.S.C. § 365(j). If the protection provided by § 365(i) is limited to purchasers in possession under installment sales contracts only, then lessees are protected, timeshare holders are protected, purchasers not in possession are protected, purchasers in possession under a "land installment sales contract" are protected, but a purchaser in possession under some other form of contract is not protected. There is nothing in the language of the section or the policy behind the section which would support an interpretation which excludes a purchaser in possession pursuant to a form of contract which is other than a "land installment sales contract". *McCannon v. Marston*, 679 F.2d at 18.

■ "Upon accepting an option to buy contained in a lease, the option becomes a binding contract of sale, and the tenant becomes a purchaser in possession. (Bullock v. Cutting, 155 App.Div. 825; Rasch, Landlord and Tenant, § 626.)" *Farber Hempstead Corp. v. Buckley*, 65 Misc.2d 237, 317 N.Y.S.2d 30 (N.Y.Dist.Co., 5th

obligation of the debtor after such date, but such purchaser does not have any rights against the estate on account of any damages arising after such date from such rejection, other than such offset; and

(B) the trustee shall deliver title to such purchaser in accordance with the provisions of such contract, but is relieved of all other obligations to perform under such contract.

Dist.1970). *See also Ludlam Stead, Ltd., et al. v. Rezza et al.*, 118 A.D.2d 628, 499 N.Y.S.2d 780 (N.Y.A.D.2d Dept.1986). Therefore, if Mr. Craft properly exercised the option to purchase, he became a purchaser in possession under New York law. The option became a binding contract for the sale of the farm. The Debtor may reject this contract as an executory contract, but Mr. Craft is entitled to the protection afforded a purchaser in possession pursuant to § 365(i). Mr. Craft's Motion to lift the stay is granted to allow him to proceed with his action for specific performance. If it is determined that he properly exercised the option, he may choose to remain in possession and pay the purchase price. The trustee will then be obligated to deliver title to Mr. Craft. However, if it is determined that Mr. Craft did not properly exercise the option or, by his prior acts, breached the lease and thereby terminated the option, then he must surrender the property to the Debtor and it is so ordered.

### ORDER

In accordance with the attached Findings of Fact and Conclusions of Law, it is hereby

ORDERED that the Motion for relief from the stay filed by Gary Craft is granted to allow him to proceed with his action for specific performance, and it is further

ORDERED that if it is determined that he properly exercised his option, he may choose to remain in possession and pay the purchase price and the trustee will then be obligated to deliver title; but, if Mr. Craft did not properly exercise the option, or by his prior acts breached the lease and terminated the option, he must surrender the property to the Debtor.