L. Barron Hill, J.
This is a motion for summary judgment pursuant to rule 113 of the Rules ,of Civil Practice. The facts are not in dispute.
Plaintiff and defendant entered into a lease agreement containing among other things an option to purchase the real property leased at the expiration of the lease, i.e., as follows:
“ The tenant is hereby given the option to purchase the said leased premises at the termination of the lease, being the 31st day of July 1960 at a purchase price of $30,000.00 on the following terms and conditions: By the payment of the sum of $8,000.00 in cash or good certified check and the balance of $22,000.00 by the Tenant executing a purchase money mortgage in the amount of $22,000.00 bearing interest at 5%, which said mortgage shall have a term of ten (10) years, without amortization, and shall be due and payable in full on the 31st day of July 1970. The Tenant shall exercise this option by notifying the landlord in writing by registered mail, return receipt requested, on or before the 31st day of January 1960.
“ However, if the Tenant exercises the option to purchase the leased premises he may pay the purchase price of $30,000.00 all in cash or in the alternative, by cash and a mortgage as stated herein.”
On July 31, 1958, the plaintiff tenant, in accordance with the option agreement, wrote to the defendant landlord the following letter:
Mr. Howard Hewman 144 Clinton Avenue Huntington, New York Dear Mr. Hewman:
On the — day of June 1955, I, as tenant, entered into a written lease with you, as landlord, for the premises therein described in the Village and Town of Huntington, New York. Pursuant to Paragraph 29 of said lease, I have the option to purchase these premises under the terms and conditions set forth in the said Paragraph 29th, by notifying you in writing “ on or before the 31st day of January, 1960 ” of my election to exercise this option.
Please be advised that I hereby exercise the option to purchase the said leased premises for the purchase price of $30,000.00 and to pay said purchase price as specified in Paragraph 29th of the lease, to wit, $8,000.00 in cash and the balance of $22,000.00 by executing a purchase money mortgage under the terms described and specified in Paragraph 29th of P"3 lease, and delivering said cash sum and said purchase money mortgage at the emulation of the lease, being the 31st day of July, 1960, as provided.
Very truly yours,
Andrew Laurino
*656 The defendant raises the issue that plaintiff may not exercise the option until the expiration of the lease. Defendant has raised the further issue that paragraph 21 of the lease provides for cancellation of the lease at the option of the landlord in the event the property is taken for public use. “ That should the land whereon said building stands or any part thereof be condemned for public use, then in that event, upon the taking of the same for such public use, this lease, at the option of the landlord, shall become null and void, and the term cease and come to an end upon the date when the same shall be taken and the rent shall be apportioned as of said date. No part of any award, however, shall belong to the Tenant ’ ’.
Plaintiff may exercise his option at any time and when exercised may not thereafter be rescinded (Trustees of Hamilton Coll. v. Roberts, 223 N. Y. 56; Castle Cr. Water Co. v. City of Aspen, 146 F. 8; Clark v. Kirby, 243 N. Y. 295; Cochran v. Taylor, 273 N. Y. 172, 184).
Defendant’s right to cancel is academic at this time since the property has not been taken for public use.
This was a unilateral contract to convey, subject only to one express condition, i.e., written notice of acceptance within a specified time. Plaintiff has met the conditions and what was a unilateral - contract now becomes a bilateral contract enforcible as such.
Since there is no triable issue (see Tripp, A Guide to Motion Practice [1949-1955 Cumulative Supp.], p. 233) and since plaintiff is entitled to judgment, the motion is granted.
Settle judgment.