■ In the Matter of BOLESLAW SIENKIEWICZ, Appellant, against J. PETER THOMSEN et al., Constituting the Zoning Board of Appeals of the Town of Orangetown, et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Zoning Board of Appeals of the Town of Orangetown, Rockland County, which granted a special permit to erect six units of multifamily residences in a general residence district, the appeal is from an order dismissing the petition upon the merits. Order unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ.

■ JOHN KESSLER, Respondent, v. LAMBERT SERVICE STATION, INC., et al., Appellants.— In an action to recover damages for personal injuries, the appeal by permission of this court is from an order of the Appellate Term affirming a judgment of the City Court of the City of New York, County of Kings, entered upon a jury's verdict, in favor of respondent. Order unanimously affirmed, with costs. (*Carney* v. *Buyea,* 271 App. Div. 338, motion for leave to appeal denied 296 N. Y. 1056.) Present — Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ.

■ ANDREW LAURINO, Respondent, v. HOWARD HEWMAN, Appellant.— In an action by a lessee for a judgment declaring that he had validly exercised the option in the lease to purchase the property, the appeal is from an order and judgment (one paper) which (1) granted his motion for summary judgment, and (2) declared, *inter alia,* that he had duly and validly exercised his option to purchase the property and that an enforcible contract of sale exists between the parties. Order and judgment unanimously affirmed, with $10 costs and disbursements. A photostatic copy of the lease was submitted at Special Term and in this court. If it be assumed that paragraph 21, which is printed, and paragraph 29, which is typewritten, the provisions in the lease which have the most material, but not the sole, bearing on the option, are repugnant, then the principles of construction must be applied. When a contract contains two repugnant provisions, one printed and the other typewritten or handwritten, the written provision overrides the printed one and controls the interpretation and construction of the contract (*Poel* v. *Brunswick-Balke-Collender Co. of New York,* 216 N. Y. 310, 322; *Heyn* v. *New York Life Ins. Co.,* 192 N. Y. 1). In our opinion, the contract, when considered together with the affidavits submitted, should be construed by the court in favor of respondent's contention (see, e.g., *Hartigan* v. *Casualty Co. of America,* 227 N. Y. 175, 178; *Brainard* v. *New York Cent. R. R. Co.,* 242 N. Y. 125, 133; *Empire Properties Corp.* v. *Manufacturers Trust Co.,* 288 N. Y. 242, 248), as it is the only construction which can be fairly placed thereon (cf. *Utica Carting, Storage & Contr. Co.* v. *World Fire & Marine Ins. Co.,* 277 App. Div. 483, 488). Ughetta, Christ, Pette and Brennan, JJ., concur; Beldock, Acting P. J., concurs in the result. [17 Misc 2d 654.]

■ JOSEPH OLEKSA, Respondent, v. JOHN ENGLISH et al., Appellants.— In an action to recover damages for personal injuries, the appeal is from a judgment of the City Court of Yonkers, entered upon a jury's verdict, in favor of respondent. Appellants' brief is limited to the contention that the trial court should have granted appellants' motion to strike out testimony relating to a subsequent injury suffered by respondent. Judgment unanimously affirmed, with costs. No opinion. Present — Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ.