■ NATIONAL KITCHENS, INC., Respondent, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, Appellant.— Order, entered June 30, 1965, in action against carrier for damages to personal property, granting plaintiff summary judgment, pursuant to CPLR 3213, on notice of motion and supporting papers served in lieu of complaint, unanimously reversed on the law, and the motion denied, with $50 costs and disbursements to abide the event, with leave to plaintiff to serve a formal complaint based on the underlying causes of action on which it seeks to recover. It is not necessary to reach the question whether CPLR 3213 reference to a judgment is restricted to one with a direction only for the payment of money in a certain sum. It suffices for this case that the judgment upon which plaintiff relies in fact made no direct determination on the liability issues now tendered, although the Trial Justice was requested to make such determination formally. Nor does it aid plaintiff that the Trial Justice in the prior action stated in a supplemental opinion what findings he would make if he were making findings. In so concluding, of course, this court does not now determine what collateral estoppel, as distinguished from direct estoppel, applicable to some of the issues, may flow from so much of the judgment that was in fact rendered on the merits (see *Ripley* v. *Storer*, 309 N. Y. 506, 512–513, 517–519; *Rudd* v. *Cornell*, 171 N. Y. 114, 125–127; Restatement, Judgments, § 68, and *Comment*). Because the motion is denied for these reasons and not merely because there is or may be an issue of fact raised by controverted affidavits, leave is granted to plaintiff to proceed in the action by formal complaint, as permitted by CPLR 3213. This will allow defendant to interpose defenses, if it be so advised, on the sufficiency of which the court also does not now pass. Concur — Breitel, J. P., Rabin, Valente, Eager and Witmer, JJ.

■ NANDED REALTY CORP., Respondent, v. ERNEST R. NORTON, Individuallly and as Representative of the Distributee Stockholders of NORLAND RIVERSIDE CORP., et al., Appellants.— Determination of the Appellate Term reversing the judgment in favor of the defendant, entered in the Civil Court on the 13th day of July, 1964, unanimously affirmed, without costs or disbursements to either party. In reversing the judgment in favor of the defendant, the Appellate Term said: "The record before the court makes it abundantly clear that neither the purchaser nor the seller regarded the scheduled adjourned date of September 16 as final and binding." We agree with that conclusion. It seems that, thereafter, the parties attempted to fix a closing date. In order that it may gain a tax advantage the defendant insisted that the closing be held sometime after the end of the year, i.e., in 1964. While the plaintiff was willing to close on any date within a reasonable time, granting each party sufficient time to prepare for closing, the defendant refused to do so, insisting on a closing only after 1963. In the circumstances, the defendant having absolutely refused to close within a reasonable time, it became unnecessary for the plaintiff to make a tender of performance in order to be entitled to recover. We arrive at this conclusion without reaching the question as to whether the title was good or bad, and without reaching the question as to whether the defendant could have secured a title company to indemnify the plaintiff's title company against any loss if it insured title. Concur — Breitel, J. P., Rabin, Valente, Eager and Witmer, JJ.