OPINION OF THE COURT
Herman Cahn, J.
On May 30, 1973, the parties entered into a lease for a suite of offices at 1020 Park Avenue, New York, New York. The lease, by its terms, expired on June 30, 1978. This summary proceeding was commenced on the theory that respondent holds over after the expiration of the lease.
The lease contains an option whereby respondent is given the right to extend his term for an additional five-year period at the stated rent. The option must be exercised "by the tenant giving written notice of exercising such option by certified or registered mail, on or before June 30, 1977”. The questions upon which this proceeding turns are (1) whether respondent properly exercised the option; and if so, (2) whether he later revoked his exercise of said option.
As to the first question, respondent claims that by letter *289 mailed on March 22, 1977, he exercised the option to renew. Petitioner concedes this point in its memorandum of law, and therefore this point is no longer in issue herein.
After the option was exercised, but before June 30, 1977, respondent again wrote to petitioner stating that he "will have to give very careful consideration to renewing my lease”. In said letter, respondent further stated that he felt the rent should be less than called for in the lease. Petitioner now claims herein that the exercise of the option was thereby revoked, while respondent claims that it was exercised and not revoked.
An option is an irrevocable offer for a specified period of time. (General Obligations Law, § 5-1109.) Like an offer, it ripens and matures into a contract the moment the person to whom the option was given notifies the party giving the option that he will accept it. (Gorham v Jackson, 177 NYS 80, affd 232 NY 579.) Once an option is properly accepted by the offeree, the requisite mutuality of assent has been supplied and the previously unilateral offer becomes a mutually binding bilateral contract. (Silverstein v United Cerebral Palsy Assn., 17 AD2d 160.) Thus, the effect of exercise of the option is to convert the offer into a binding contract, which cannot be unilaterally altered or revoked.
Once respondent exercised the option in the lease, he was bound and could not withdraw his acceptance. (Laurino v Hewman, 17 Misc 2d 654.) Thus, it is clear that the lease is indeed in effect for a term ending June 30, 1983. Therefore, the instant proceeding is dismissed.