■ PATRICIA LANNI, Plaintiff, v GREGG SMITH, Defendant and Third-Party Plaintiff-Respondent. GENERAL MOTORS CORPORATION, CHEVROLET MOTORS DIVISION, Third-Party Defendant-Appellant. — Order unanimously affirmed, with costs. Memorandum: General Motors Corporation (GMC), third-party defendant, appeals from Special Term's order denying its motion to dismiss the third-party complaint. The sole question is whether the release given by Gregg Smith, defendant in the main action and the third-party plaintiff, in return for $10,000 on December 19, 1979 was intended to cover only his claim for personal injuries suffered in a one-car automobile accident, or whether, as GMC claims, it was intended also to include Smith's claim for contribution arising out of the injuries sustained by his passenger, Patricia Lanni, the plaintiff in the main action. Smith and his passenger were injured on June 8, 1977, when Smith's GMC pickup truck left the highway and collided with a tree. On December 19, 1979, Smith settled his personal injury case against GMC for $10,000 and gave a release to GMC, prepared by his personal attorney on a standard form which contained the usual printed terms covering all claims "for, upon, or by reason of, any matter, cause or thing whatsoever, from the beginning of the world to the day of the date of these presents and particularly, but without in any manner limiting the foregoing, on account of" followed by a blank space. In the space in the form following the printed words there appeared the typewritten insert: "[on account of] *the personal injuries suffered by him* in the motor vehicle accident occurring on June 8, 1977, on Bernd Road in the Town of LeRoy, New York in which Gregg Smith was driving a 1977 Chevrolet pick-up truck, vehicle identification number CCL 2471111261" (emphasis added). Seven days later, Smith's no-fault and property damage insurance carrier gave a release to GMC on an identical form containing the same printed language and this typewritten insert:"[on account of] the no-fault claim and property damages paid by the Hartford *to Gregg Smith* as the result of the motor vehicle accident occurring on June 8, 1977, on Bernd Road in the Town of LeRoy, New York, *in which Gregg Smith sustained personal injuries and the 1977 Chevrolet truck which he was driving sustained damage*" (emphasis added). As stated by this court, in interpreting a release, " 'general words of release are limited by a recital of a particular claim' " (*Dury v Dunadee,* 52 AD2d 206, 209, app dsmd 40 NY2d 845, quoting *Topat Equip. Co. v Porter,* 50 AD2d 1098). "[I]f, from the recitals therein or otherwise, it appears that the release is to be limited to only particular claims, demands, or obligations, the instrument will be operative as to those matters alone, and will not release other claims, demands, or obligations" (49 NY Jur, Release

and Discharge, § 33, p 405; see *Mangini v McClurg,* 24 NY2d 556, 562; *Cahill v Regan,* 5 NY2d 292, 299; *Tarantola v Williams,* 48 AD2d 552; *Walker v Maeweather,* 76 Misc 2d 671). Moreover, where there is a repugnancy between the particular language in the typewritten portion of the instrument and the general wording in the printed form, the accepted rule of construction is that the typewritten words should be given greater effect upon the ground that they "are the immediate language and terms selected by the parties themselves for the expression of their meaning, while the printed form is intended for general use without reference to particular objects and aims" (10 NY Jur, Contracts, § 218, p 128; see *Kratzenstein v Western Assur. Co. of City of Toronto,* 116 NY 54, 57; *Laurino v Hewman,* 10 AD2d 725; *Feldbau v Klarnet,* 109 Misc 2d 32, 37). There is nothing other than the standard wording in the printed form to suggest that the release, signed by Smith on December 19, 1979, applies to any claims other than those arising from "personal injuries suffered by [Smith]." In view of the specific references to his injuries in the typewritten clauses inserted in his release and in the companion instrument given by Hartford, it is evident that the parties involved were concerned only with settling claims arising from Smith's own injuries and property loss and that no other claims were considered. There is no phrase indicating that the release covers all claims arising from the accident (cf. *Benzinger v Wochensky,* 59 AD2d 652, 653, in which the release provided that it was " 'in settlement of all claims * * * arising out of accident of November 25, 1968' "; *Dury v Dunadee, supra,* p 209, where the typewritten insert to the release stated that it was to cover " 'any and all liability for personal injuries and medical expenses and hospital bills directly or indirectly resulting therefrom by reason of [a specified] automobile accident' " but where, despite such wording, we declined to give the release general effect and remanded for further proof). Furthermore, the only references to specific claims contained in the two instruments executed by Smith and Hartford pertain to the personal injuries and property damage sustained by one party — Smith. *Mt. Read Term. v LeChase Constr. Corp.* (58 AD2d 1034, app dsmd 43 NY2d 746), is distinguishable. There the release was part of a general settlement reached after months of negotiations of a complicated construction dispute involving numerous parties. Two parties testified that the settlement was intended to "end a bad job * * * to end the dispute" (*Mt. Read Term. v LeChase Constr. Corp., supra,* p 1036). The release was framed in general terms but stated "more particularly" that it was in settlement of certain claims. It also set forth a specific exception. The court found it "particularly significant" that although the release did set forth one exception, the parties did not except the disputed claim. In *Mt. Read,* as distinguished from the case before us, the court in finding the disputed claim to be covered by the release had before it evidence of circumstances surrounding the execution of the release and testimony of the parties as to their intention. Thus, the *Mt. Read* court's statement of the rule, relied upon by the appellant, concerns the burden of proof of a plaintiff who claims that, although the release as written is a general one, the transaction in question was not intended by the parties to be included within its terms. In contrast, here, the issue is one of law, viz., the construction of the meaning of the words in the contract and, specifically, whether those words were intended to release all claims arising from the accident or only those pertaining to the injuries sustained by Smith. Similarly, in *Mangini v McClurg* (*supra*), also cited by the appellant, the intended meaning of the words in the instrument was not in dispute. The issue was whether the effect of the instrument, concededly a general release, should be limited because of mutual mistake of the parties concerning the extent of plaintiff's injuries. In that case, involving factual issues, the burden was

placed on the plaintiff to establish that circumstances warranted avoidance of the impact of the plain language of the release. Because here the court is construing a contract as a matter of law and there are no evidentiary questions, no question pertaining to the burden of proof arises. (Appeal from order of Supreme Court, Genesee County, Wolf, Jr., J. — third-party action — contribution.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Moule, JJ.