Arthur T. Connick, Esq. Village Attorney, Ardsley
You ask whether a village may purchase a building for use as a public library and lease a portion of that building back to the seller, an American Legion post, for an initial term of five years with options to renew the lease every five years for seven additional terms (a total of 40 years if each option is exercised) at an annual rental of $1.00.
A village is authorized to purchase or lease real or personal property as its purposes may require (Village Law, § 1-102[1]). The expenditure of village funds for the establishment of a public library and for a library building are appropriate public purposes (General Municipal Law, § 79; Education Law, § 255). There is no prohibition against a village's leasing part of a public building for a private purpose where the remainder of that building is actually being used in a public governmental function, so long as there is no interference with the public use (McQuillin, Municipal Corporations, 3d Edition, § 28.42). A lease of village property to a private organization must be for fair and adequate consideration (NYS Const, Art VIII, § 1; 1972 Op Atty Gen [Inf] 142; 1976 Op Atty Gen [Inf] 145); however, a village is specifically authorized to lease a public building or part thereof to a post of the American Legion "without expense, or at a nominal rent", provided that the term of such lease does not exceed five years (General Municipal Law, § 77).
Under the terms of the proposed lease, the lessee is given the option of renewing the lease for seven additional five-year terms. An option to renew a lease is an irrevocable offer which becomes a mutually binding contract upon the acceptance of the option by the lessee (1020 ParkAve., Inc. v Raynor, 97 Misc.2d 288 [Civ Ct, New York Co, 1978], citing General Obligations Law, § 5-1109 and Silverstein v United CerebralPalsy Assn., 17 A.D.2d 160 [1st Dept, 1962]). From this it follows that your village would be instantly bound to additional five-year terms upon the acceptance of each option by the lessee and in that event would not be free to terminate the lease at the end of any given term (id.).
Under these circumstances, we are of the opinion that the lease in question is, in effect, not of a term of five years or less as contemplated by General Municipal Law, § 77 and, therefore, must be supported by fair and adequate consideration (NYS Const, Art VIII, § 1; General Municipal Law, § 77). The sufficiency of that consideration is a factual inquiry dependent on all of the circumstances and cannot be determined by this office. Relevant to that determination would be such factors as the value of the property, both subject to and unencumbered by the lease, as well as the value of the benefits to be derived by the village and the lessee. To the extent that the village would not automatically be bound to additional terms and would be free to determine whether or not to enter into a new lease at the end of each five-year period, we believe it is authorized to lease a portion of its public building for a nominal rent of $1.00 (General Municipal Law, §77).
We conclude that a village may purchase a building for use as a public library and lease a portion of that building to a post of the American Legion at a nominal rent for a term not to exceed five years, provided there is no interference with the public use. A lease for a term greater than five years must be supported by fair and adequate consideration.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.