■ HENRY T. BROOKS et al., Respondents, v MARGUERITE ANDERSON, Appellant, et al., Defendants.—In an action pursuant to RPAPL article 15 to determine ownership of certain real property located in the Town of Dover, Dutchess County, defendant Anderson appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Dutchess County (Rosenblatt, J.), entered February 9, 1984, as granted that branch of plaintiffs' motion which was for summary judgment against her and dismissed her counterclaim, (2) so much of an order of the same court, entered April 19, 1984, as, upon reargument, adhered to the original determination, and (3) stated portions of a judgment of the same court, entered June 18, 1984, which, *inter alia,* adjudged that plaintiffs are the sole owners of the property in issue.

Appeals from the orders entered February 9, 1984 and April

19, 1984, respectively, dismissed (*see, Matter of Aho,* 39 NY2d 241, 248). The portions of those orders which aggrieve the appellant are brought up for review on the appeal from the judgment.

Judgment reversed, insofar as appealed from, decretal paragraphs one and three and so much of decretal paragraphs two, four and five as declare the rights of the plaintiffs vis-à-vis the appellant and grant them relief as against her, vacated; order entered April 19, 1984, reversed, insofar as reviewed, upon reargument, so much of the order entered February 9, 1984 as granted that branch of plaintiffs' motion which was for summary judgment against appellant and dismissed the counterclaim, vacated, and that branch of plaintiffs' motion denied and matter remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith.

Defendant Paul Clark died prior to the making of the plaintiffs' motion and no personal representative had been substituted for him. Accordingly, the provisions of the order dated April 19, 1984, adhering to the determination granting summary judgment to the plaintiffs and dismissing the counterclaim and the provisions of the judgment entered thereon which declare plaintiffs' rights vis-à-vis Paul Clark and grant them relief as against him, are void (*Paul v Ascher,* 106 AD2d 619, 620). Therefore, the matter is remitted to the Supreme Court, Dutchess County, which shall order substitution of the personal representative of Paul Clark pursuant to CPLR 1015 (a), and for further proceedings thereafter.

The parties in this action own adjoining parcels of land which originated from a common grantor. The dispute involves ownership of a strip of land which lies between the respective parcels. The pivotal issue is the extent of the common boundary which the common grantor intended to convey to each party. There appear to be discrepancies in the metes and bounds descriptions in the deeds through which the parties base their claim to the disputed land. Documentary proof which could have conclusively disposed of the issue presented has not been provided. Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.