OPINION OF THE COURT
John R. Tenney, J.
This is a snowmobile accident case. The matter was originally commenced against the owner and operator of the machine. Subsequently, a second action based on products liability was commenced against the manufacturer.
It appears that after service of the original complaint, plaintiffs attorney entered into settlement negotiations with the owner’s insurance carrier. On this motion, the carrier alleges that a settlement in the amount of the policy limits was reached with plaintiff and seeks an order enforcing that settlement and ordering a discontinuance and execution of general releases.
At issue, is the applicability of General Obligations Law § 5-1109, which states, in part: "when an offer to enter into a contract is made in a writing signed by the offeror, or his agent, which states that the offer is irrevocable during a period set forth or until a time fixed, the offer shall not be revocable during such period or until such time because of the absence of consideration for the assurance of irrevocability.”
Defendant alleges that such an irrevocable offer was made on May 29, 1984, in a letter from plaintiffs attorney in which he states: "By this correspondence, I am making a demand for *700 the policy limits. If the policy limits are not offered by the end of June, 1984, we will withdraw this demand”. Defendant also alleges that it accepted the offer to settle within the time period specified. Plaintiff’s attorney acknowledges such an acceptance in his letter dated June 14, 1984, where he states in part:
"Under the date of June 13, 1984, I had an opportunity to meet with (plaintiff) in reference to the offer you recently made of the $25,000.00 policy limits in this case * * *
"At the present time, after speaking with the Hayes’ I have to withdraw my offer to settle this case for the policy limits.”
Defendant alleges that the original offer to settle comes within the meaning of an irrevocable offer under General Obligations Law § 5-1109 and that the attempted revocation was void.
No reported decision has applied section 5-1109 to a stipulation of settlement. However, such a stipulation creates an enforceable contract (Mutual Life Ins. Co. v O’Donnell, 146 NY 275) and there is no restriction in the statute as to the type of contracts to which it applies.
There is also no doubt that the requirements of the statute have been met. The offer was in writing, signed by plaintiff’s agent, and set forth a specific time period. It is also clear that the offer was accepted sometime in June which converted "the offer into a binding contract, which cannot be unilaterally altered or revoked.” (1020 Park Ave. v Raynor, 97 Misc 2d 288, 289.) The attempted revocation was invalid, and defendant’s motion should be granted.