■ Ludlam Stead, Ltd., et al., Respondents, v Thomas J. Rezza et al., Appellants.—In an action, *inter alia,* for specific performance of an option to purchase a certain residential premises owned by the defendants, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered September 26, 1984, as denied their motion for summary judgment, granted the plaintiffs' cross motion for summary judgment to the extent of directing the sale of the premises to the plaintiffs, and upon severing the plaintiffs' claim for compensatory damages, directed a trial upon that claim.

Appeal insofar as it purports to be on behalf of the defen-

dant Thomas J. Rezza dismissed, without costs or disbursements. The parties disclosed on oral argument of this appeal that Thomas J. Rezza died prior to the service of the plaintiffs' cross motion for summary judgment and no legal representative has been substituted for him (see, CPLR 1015 [a]). Accordingly, the provisions of the order insofar as they granted relief as against the defendant Thomas J. Rezza are void (see, Brooks v Anderson, 112 AD2d 394) and this court has no jurisdiction to hear and determine the appeal on behalf of that defendant (see, Muth v Benjamin, 109 AD2d 736).

Order modified, by deleting the provisions thereof which granted the plaintiffs' cross motion for summary judgment as against the defendant Nancy Rezza and upon severing the claim for compensatory damages against her, directed an immediate hearing upon that claim, and substituting therefor a provision denying the plaintiffs' cross motion for summary judgment as against Nancy Rezza. As so modified, order affirmed insofar as appealed from and reviewed, without costs or disbursements.

The plaintiffs are currently in possession of the premises in question owned by the defendants, under a one-year lease and rider, which expired on December 31, 1981, by the terms of which the plaintiffs were given the option to purchase the premises, upon 90 days' notice, for a specified price, at any time within the term of the lease. The lease also provided that the plaintiffs had the right to renew the lease, together with the purchase option, for an additional 12-month period, expiring December 31, 1982.

On May 19, 1981, and, again, on August 13, 1981, during the term of the original lease, the defendants were given written notification of the plaintiffs' intention to exercise the purchase option pursuant to the lease. Subsequently, by letter dated August 27, 1981, the plaintiffs wrote to the defendants confirming "our understanding and our agreement", that the "lease, contract and option" would be extended for another year, ending December 31, 1982. Thereafter, the plaintiffs from time to time confirmed their exercise of the option in letters dated February 25, 1982, May 28, 1982, and August 11, 1982. So far as the record shows, the defendants did not respond to any of these communications from the plaintiffs. By letter dated October 4, 1982, the defendant Thomas J. Rezza rejected the plaintiffs' October 1, 1982 further confirmation of the exercise of their option.

At the time the plaintiffs notified the defendants of their intention to exercise the purchase option in May 1981, the

option ceased to exist, and an enforceable bilateral contract came into existence (see, Laurino v Hewman, 17 Misc 2d 654, affd 10 AD2d 725). The plaintiffs then had the duty to tender the purchase price within a reasonable time after the option was exercised by them (see, Schaefer v Thompson, 237 NY 55; Bullock v Cutting, 155 App Div 825).

The plaintiffs did not tender payment at any time prior to the commencement of this lawsuit, but claim that the defendants acquiesced in the delay of the plaintiffs' performance, as evidenced by the plaintiffs' August 27, 1981, letter and the subsequent letters, and the defendants' failure to respond to the letters. The defendant Nancy Rezza contends that the plaintiffs' August 27, 1981, letter was a repudiation of the option, which could not be revived by the plaintiffs' subsequent letters seeking to re-exercise the option. Moreover, she argues that even if the August 27, 1981, letter does not constitute a repudiation, nevertheless the plaintiffs unduly delayed in tendering the purchase price.

We cannot determine on this record the parties' actual intent or agreement with regard to any purported extension of the option, which presumably prompted the plaintiffs to write the August 27, 1981, letter. Moreover, a question of fact is presented as to whether the failure to respond to the plaintiffs' attempts to re-exercise the option after May 1981 should estop the defendant Nancy Rezza from asserting a default on the plaintiffs' part in failing to tender the purchase price within a reasonable time.

Accordingly, the motion for summary judgment on behalf of the defendant Nancy Rezza was properly denied and the plaintiffs' cross motion for summary judgment should also have been denied as against her.

In light of our determination, we need not reach the other issue raised by the defendant Nancy Rezza. Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.