■ CHARLES EBBECKE, Plaintiff, v BAY VIEW ENVIRONMENTAL SERVICES, INC., Defendant and Third-Party Plaintiff-Respondent. GRUMMAN AEROSPACE CORP., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, the third-party defendant, Grumman Aerospace Corp., appeals from so much of a judgment of the Supreme Court, Nassau County (Roberto, J.), dated June 1, 1987, as, upon an order of the same court dated May 26, 1987, dismissing its claim for contractual indemnification from the defendant and third-party plaintiff, is in favor of the defendant and third-party plaintiff and against it. The appeal brings up for review the order dated May 26, 1987 (see, CPLR 5501 [a] [1]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff, Charles Ebbecke, was seriously injured when a hose through which chemical waste was being loaded into a tanker trailer flew off the truck, splashing the caustic materials on him and causing him to be knocked off a platform. The plaintiff brought the underlying personal injury action against the defendant and third-party plaintiff, Bay View Environmental Services, Inc. (hereinafter Bay View), into whose tanker trailer the caustic material was being loaded. Bay View, in turn, impleaded the third-party defendant-appellant Grumman Aerospace Corp (hereinafter Grumman), which was the employer of the plaintiff. Grumman contended that pursuant to the terms of a contract for the removal of waste materials, it was entitled to indemnification from Bay View. By the order dated May 26, 1987, the Supreme Court rejected Grumman's contention. This appeal is limited to the issue of indemnification.

Clause 3 of the purchase order on which Grumman relies, provided, in pertinent part, that "Seller [Bay View] also assumes full responsibility for the proper removal and disposal of such material at an approved facility/site and will defend and indemnify Grumman and hold Grumman harmless against all damages arising out of or in connection with [Bay

View's] performance under said purchase order". This clause is typewritten.

Section XI of a preprinted form entitled "General Conditions" provided as follows: "If Seller [Bay View] enters the premises of Grumman or its customer, Seller shall indemnify and hold harmless Grumman, its officers, agents and employees from any loss or liability by reason of property damage, personal injury or death arising out of Seller's presence thereon, except when arising solely out of Grumman's fault or negligence. Seller shall maintain adequate Workers' Compensation, public liability, property damage and automobile liability insurance and will, upon request, provide a certificate of insurance." Pursuant to section I (B) of the general conditions, clause 3 takes precedence over the provisions of the general conditions.

The well-settled rule of construction is that "[w]hen a contract contains two repugnant provisions, one printed and the other typewritten or handwritten, the written provision overrides the printed one and controls the interpretation and construction of the contract" *(Laurino v Hewman,* 10 AD2d 725). In the provisions in the instant case an apparent inconsistency exists due to the fact that while section XI of the general conditions refers specifically to independent acts of negligence on the part of Grumman, clause 3 is silent on the matter. Utilizing the rule of construction set forth above, the typewritten clause 3 overrides the preprinted section XI of the general conditions, and Grumman's claim to indemnification must stand or fall based on clause 3 alone. The same result is reached if the order of precedence set forth in section I (B) of the general conditions is used.

With respect to indemnification issues, the general rule of law is that "the law frowns upon contracts intended to exculpate a party from the consequences of his own negligence and though, with certain exceptions, they are enforceable, such agreements are subject to close judicial scrutiny" *(Gross v Sweet,* 49 NY2d 102, 106; *see also, Van Dyke Prods. v Eastman Kodak Co.,* 12 NY2d 301, 304). This general rule is liberalized where the agreements are negotiated at arm's length between sophisticated business entities, with the probable intent of allocating the risk of liability to third parties *(see, Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153). In those cases "the law * * * will recognize an agreement to relieve one party from the consequences of his negligence on the strength of a broadly worded clause framed in less precise language than would normally be required, though even then it must evince

the 'unmistakable intent of the parties' " *(Gross v Sweet, supra,* at 108, quoting *Kurek v Port Chester Hous. Auth.,* 18 NY2d 450, 456).

Applying these principles, there is nothing in clause 3 of the purchase order which evinces the "unmistakable intent" that Bay View would indemnify Grumman for its own negligence. Under clause 3, Bay View assumed full responsibility for the proper removal and disposal of waste material. The obligation to defend and hold Grumman harmless was to arise only with respect to acts of negligence attributable to Bay View while performing under the contract. This interpretation of clause 3 results from the fact that the clause is silent with respect to damages resulting partly from the negligence of Grumman, coupled with the rule of construction that any ambiguity in a contract must be resolved against the one who drafted it, in this case Grumman *(see, Grumman Am. Aviation Corp. v International Business Machs. Corp.,* 77 AD2d 582). Thus, Grumman is not entitled to contractual indemnification for its independent acts of negligence *(see, Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.,* 107 AD2d 450, *affd* 65 NY2d 1038). Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.