■ LUDLAM STEAD, LTD., et al., Respondents, v NANCY REZZA, Appellant.—In an action, inter alia, for specific performance of an option to purchase residential premises owned by the defendant, the defendant appeals from a judgment of the Supreme Court, Nassau County (Balletta, J.), entered November 19, 1987, which, after a nonjury trial, inter alia, directed the sale of the premises to the plaintiffs.

Ordered that the judgment is reversed, on the law and the facts, with costs, and the complaint is dismissed.

The plaintiffs are currently in possession of the subject premises, which is owned by the defendant, pursuant to a one-year lease. This lease expired on December 31, 1981, but gave the plaintiff the option to purchase the premises, upon 90 days' notice, for a specific price, at any time within the term of the lease. In addition, pursuant to the terms of the lease, the plaintiffs had the right to renew the lease, together with the purchase option, for an additional 12-month period expiring December 31, 1982.

On May 19, 1981, during the term of the original lease, the defendant was given written notification of the plaintiffs' intention to exercise the purchase option. Subsequently, by letter dated August 27, 1981, the plaintiffs informed the defendant that "[i]n accordance with our understanding and with our agreement * * * the existing lease, contract and option" would be extended for another year, ending December 31, 1982. The letter further indicated that "[t]he very tight money situation" had forced the plaintiffs to temporarily postpone their plans to purchase the subject premises. However, they indicated that they were "keeping a watchful eye on the anticipated upturn of the economy and ease of the mortgage market" to conclude their "previously discussed understanding". Thereafter, the plaintiffs from time to time confirmed their exercise of the option, the latest communication being an October 1, 1982, mailgram. By letter dated October 4, 1982, the defendant's late husband, Thomas J. Rezza, rejected this attempt to confirm the exercise of the option.

The plaintiffs did not tender payment at any time prior to the commencement of this lawsuit, but claim that the defendant and her late husband acquiesced in the delay of the plaintiffs' performance, as evidenced by the plaintiffs' August 27, 1981, letter and the subsequent letters, and the defendant's failure to respond to the letters. The defendant contends that the plaintiffs' August 27, 1981, letter was a repudiation of the option, which could not be revived by the plaintiffs' subsequent letters seeking to reexercise the option. Moreover, she argues that even if the August 27, 1981, letter does not constitute a repudiation, nevertheless the plaintiffs unduly delayed in tendering the purchase price.

When this matter was before us on a prior appeal, we found that at the time the plaintiffs notified the defendant and her

late husband of their intention to exercise the purchase option in May 1981, an enforceable bilateral contract came into existence. The plaintiffs then had the duty to tender the purchase price within a reasonable time after the option was exercised by them *(see, Ludlam Stead v Rezza,* 118 AD2d 628). However, we could not determine, from the papers submitted upon the parties' respective motions for summary judgment, the parties' actual intent or agreement with regard to any purported extension of the contract, which presumably prompted the plaintiffs to write the August 27, 1981, letter. We further found that a question of fact was presented as to whether the failure to respond to the plaintiffs' communications after May 1981 should estop the defendant from asserting a default on the plaintiffs' part in failing to tender the purchase price within a reasonable time. Accordingly, we held that the defendant's motion for summary judgment was properly denied and that the plaintiffs' cross motion should also have been denied *(see, Ludlam Stead v Rezza, supra).*

The evidence adduced at the subsequent trial fails to reveal that any understanding was reached between the parties which could have prompted the plaintiffs to write the August 27, 1981, letter. Thus, we find that the defendant was entitled to treat the contents of the letter as a repudiation of the contract to purchase the subject property and was therefore, excused from tendering her performance under the contract *(see, Cooper v Bosse,* 85 AD2d 616; *Nanded Realty Corp. v Norton,* 25 AD2d 506). In the absence of some further agreement to purchase the subject property, the subsequent attempt to renew the option to purchase and to reexercise same was of no legal effect *(see generally, Atkin's Waste Materials v May,* 34 NY2d 422; *Gulf Oil Corp. v Buram Realty Co.,* 11 NY2d 223).

Moreover, inasmuch as the trial evidence confirmed that the plaintiffs intentionally delayed fulfilling their obligations under the contract in order to exploit fluctuations in the mortgage market, the defendant's failure to respond to the plaintiffs' attempts to exercise the option after May 1981 should not estop the defendant from asserting a default on the plaintiffs' part in failing to tender the purchase price within a reasonable time *(see, Matter of Ahern v South Buffalo Ry. Co.,* 303 NY 545; *Matter of Tanenbaum Textile Co. v Schlanger,* 287 NY 400; *Holm v C.M.P. Sheet Metal,* 89 AD2d 229; *Club Chain v Christopher & Seventh Gourmet,* 74 AD2d 277; *cf., J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392). Lawrence, J. P., Eiber, Sullivan and Harwood, JJ., concur.