■ JOSEPH J. EGGELING, Plaintiff, v RYDER TRUCK RENTAL, INC., Respondent, and KARINGTON CUSTOMIZED WEARABLES, INC., Doing Business as CUSTOM CORNER, Appellant. [677 NYS2d 845] —Order unanimously reversed on the law with costs and motion denied. Memorandum: Supreme Court erred in granting the motion of defendant Ryder Truck Rental, Inc. (Ryder), for summary judgment on its cross claim against defendant Karington Customized Wearables, Inc., doing business as Custom Corner (Custom Corner), for contractual indemnification. Plaintiff commenced this action against Ryder and Custom Corner seeking money damages for personal injuries he sustained as a result of the alleged negligence of Ryder's employee in repairing a malfunctioning lift-gate on a truck leased to Custom Corner. Ryder cross-claimed against Custom Corner for contractual indemnification based upon the provisions of its truck rental agreement providing that the renter agrees to indemnify and hold the owner harmless against any claim or cause of action for injury "arising out of or caused by the use of the Vehicle rented".

" '[T]he law frowns upon contracts intended to exculpate a

party from the consequences of his own negligence and though, with certain exceptions, they are enforceable, such agreements are subject to close judicial scrutiny' " (*Ebbecke v Bay View Envtl. Servs.,* 145 AD2d 524, 525, *lv denied* 74 NY2d 606, quoting *Gross v Sweet,* 49 NY2d 102, 106; *see also, Van Dyke Prods. v Eastman Kodak Co.,* 12 NY2d 301, 304). Although a party may protect itself from losses resulting from its liability for negligence by means of an agreement to indemnify, " 'indemnity provisions will not be construed to indemnify a party against his own negligence unless such intention is expressed in unequivocal terms' " (*Twitchell v Town of Pittsford,* 106 AD2d 903, 905, *affd* 66 NY2d 824, quoting *Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153; *see, Thompson-Starrett Co. v Otis El. Co.,* 271 NY 36, 43). The indemnification provisions in the truck rental agreement do not clearly and unequivocally express an intent to indemnify Ryder against its own negligence. Thus, Ryder is not entitled to contractual indemnification for its independent acts of negligence (*see, Thompson-Starrett Co. v Otis El. Co., supra,* at 43; *Ebbecke v Bay View Envtl. Servs., supra,* at 526; *Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.,* 107 AD2d 450, *affd* 65 NY2d 1038). Ryder's reliance on *Morris v Snappy Car Rental* (84 NY2d 21) is misplaced; we are not concerned here with a claim for contractual indemnification arising out of a motor vehicle accident caused by the operation of the leased vehicle. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.