■ JOHN LANDY et al., Respondents, v DARR CONSTRUCTION EQUIPMENT CORP., Appellant. [704 NYS2d 298] —In an action to

recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated January 20, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff John Landy allegedly slipped and fell on a sidewalk covered with snow and/or ice outside a K-Mart store. The plaintiffs brought this action alleging, *inter alia*, that the defendant, which had a contract with K-Mart to plow snow from the parking lot, had negligently cleared the sidewalk.

The Supreme Court erred in determining that issues of fact existed concerning whether the defendant and K-Mart intended that the defendant would be responsible for clearing all sidewalks of snow and ice. In both copies of the contract at issue, the term "sidewalks" was manually deleted from the prefatory paragraph which described the premises to be covered by the contract. In addition, the parties manually deleted the term "salting all walks" from the second sentence of paragraph 8 of both copies of the contract.

Although the plaintiffs' copy of the contract failed to reflect a manual deletion of the term "sidewalks" from the first sentence of paragraph 8, while the defendant's copy did reflect that deletion, the written modification in the prefatory paragraph describing the premises covered by the contract renders meaningless the remaining undeleted reference to "sidewalks" in the first sentence of paragraph 8 of the plaintiffs' copy of the contract (*see, Heyn v New York Life Ins. Co.,* 192 NY 1, 6; *Clark v Woodruff,* 83 NY 518; *Ebbecke v Bay View Envtl. Servs.,* 145 AD2d 524). In addition, the plaintiffs are not third-party beneficiaries of the contract between the defendant and the owner of the premises (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226; *DeCurtis v T. H. Assocs.,* 241 AD2d 536, 537).

The unrefuted evidence demonstrates that K-Mart, not the defendant, cleared the sidewalks of ice and snow. Accordingly, because the plaintiffs allege that the slip and fall was caused by ice and snow negligently cleared from a sidewalk, the defendant was entitled to summary judgment on the complaint. Thompson, J. P., Sullivan, Krausman and Smith, JJ., concur.