■ GLEN A. SWEENEY, as Executor of VALERIE R. SWEENEY, Deceased, et al., Plaintiffs, v HERTZ CORPORATION, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. GLENAL A. SWEENEY, Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [740 NYS2d 19] —Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered January 25, 2001, which, inter alia, granted defendant and third-party plaintiff's motion for summary judgment on its contractual indemnification claim, unanimously reversed, on the law, with costs, the motion denied, the judgment vacated, and the matter remanded to the IAS court for further proceedings.

Plaintiff Glen A. Sweeney (plaintiff) was operating a Ford Aerostar minivan, which was rented from defendant and third-party plaintiff The Hertz Corporation (Hertz), when he was involved in a single vehicle accident on Interstate 95 in Rocky Mount, North Carolina. At the time the accident occurred, plaintiff's wife, Valerie, was seated in the front passenger seat and his son, plaintiff Jamal Sweeney, was occupying the rear driver's side seat. Plaintiff maintains that the van's left rear tire "blew out," which caused the vehicle to veer to the left. Plaintiff reacted by steering the van to the right, which caused it to leave the roadway, proceed into an embankment, and finally roll over. As a result, Valerie and Jamal were thrown from the vehicle, Valerie was killed and Jamal sustained serious injuries.

Plaintiffs thereafter commenced the within action, interposing claims of negligence, wrongful death, breach of warranty

and strict products liability. Among plaintiffs' allegations was the assertion that the accident was caused by Hertz's negligent maintenance of the vehicle. Hertz subsequently commenced a third-party action against Glen Sweeney, asserting claims for common-law and contractual indemnification, the latter of which was based upon the Rental Agreement, the terms and conditions of which Sweeney agreed to be bound.

Hertz thereafter agreed to settle the personal injury action for the sum of $400,000, pursuant to which the parties executed a Stipulation of Discontinuance whereby the main action was discontinued with prejudice, and Hertz agreed to limit its third-party indemnification claims "to the limits of GLENAL SWEENEY's automobile liability insurance policy with Allstate Insurance Company," which limit was $250,000. Hertz subsequently moved for summary judgment on its common-law and contractual indemnification claims arguing, with regard to common-law indemnification, that it was only a passive tortfeasor, whereas Sweeney, as the operator of the vehicle, was the active tortfeasor. Moreover, Hertz contended that it was entitled to contractual indemnification pursuant to the plain language of the Rental Agreement.

In opposition, Sweeney averred, inter alia, that the accident was caused by Hertz's negligent maintenance of the van and, further, that Hertz had withheld relevant discovery concerning the maintenance of the van that was within its exclusive control. Plaintiff noted that the first deponent produced by Hertz had no knowledge of maintenance records, but that the second deponent, Hertz's city maintenance manager, testified that maintenance records were kept on Hertz's vehicles and that "[k]nowing that there's been an accident like this * * * I'm sure somebody would have grabbed the file after something like this happened. * * * [M]aintenance work that's being done or anything of importance to that specific vehicle would go into that file." Hertz, however, never produced the file, eventually claiming it was unavailable.

The IAS court denied Hertz's motion to the extent it sought judgment on the common-law indemnification claim, but granted the motion on the contractual indemnification claim, holding that "[t]he promise to indemnify is found in the plain language of * * * paragraph [10] of the Rental Agreement." We disagree and reverse.

Paragraph 10 of the Rental Agreement provides, in pertinent part:

"(b) If you do not purchase liability insurance supplement (LIS) * * * at the commencement of the rental and an accident

results from the use of the car, your insurance and the insurance of the operator of the car will be primary. This means that Hertz will not grant any defense or indemnity protection under this paragraph if either you or the operator of the car are covered by any valid and collectible automobile liability insurance, whether primary, excess or contingent, with limits at least equal to the minimum required by the applicable state financial responsibility law * * *.

"(c) You and all operators will indemnify and hold Hertz, its agents and employees harmless from and against any loss, liability and expense in excess of the limits stated herein or beyond the scope of the protection provided for above, if any, arising from the use or possession of the car by You or any operators with Your, his or her permission."

It is settled that "the law frowns upon contracts intended to exculpate a party from the consequences of his own negligence and * * * such agreements are subject to close judicial scrutiny" (*Gross v Sweet*, 49 NY2d 102, 106; *Swift v Choe*, 242 AD2d 188, 193). "[U]nless the intention of the parties is expressed in unmistakable language, an exculpatory clause will not be deemed to insulate a party from liability for his own negligent acts" (*Gross v Sweet, supra* at 107; *Eggeling v Ryder Truck Rental*, 254 AD2d 789, 790).

In our view, the Rental Agreement herein does not clearly and unequivocally express an intent to indemnify Hertz against its own negligence. Moreover, we find that an issue of fact exists as to whether Hertz's negligence was the sole cause of the accident, especially in light of Hertz's inability to locate the maintenance file for the vehicle plaintiff was operating, which Hertz's city maintenance manager indicated existed. Concur—Nardelli, J.P., Tom, Andrias, Buckley and Rubin, JJ.