OPINION OF THE COURT
Eileen N. Nadelson, J.
An interesting and novel question has been presented to this court with respect to the application of traditional contract rules of construction to computer generated documents. Because this is a case of first impression, the court has decided to issue a written decision to explain and supplement its oral decision rendered at trial.
The matter being adjudicated involves a dispute over the terms of a presumptive agreement between a homeowner and a painting contractor. After an initial inspection of the premises, the contractor faxed to the homeowner a document that was headed with the word “Estimate,” but which had appearing immediately below it the words “This is a Guesstimate.” Disregarding the merits of the proffered arguments with respect to the alleged different legal obligations of *49 a party to an “estimate” versus a “guesstimate,” the court was presented with two divergent theories as to the interpretation that should be given to the paper.
The contractor maintains that the basic format that included the word “Estimate,” as well as the contractor’s name, address, and other identifying information, was designed for it as a computer software program which it could not alter. The other information appearing on the paper was input by the owner onto this computer format and then printed out. The contractor asserts that the writing on the paper that was not part of the software program constitutes a typewritten addition to a printed form.
Conversely, the homeowner argues that, because the entire document was created at the same time by having the computer print out the complete form, the entire document is a printed form.
Restatement (Second) of Contracts § 203 (d) states: “[Separately negotiated or added terms are given greater weight than standardized terms or other terms not separately negotiated.”
In the illustrative comments to this section, the commentators indicate that: “Printed forms are often misused, and there may be a question whether the parties manifested assent to a printed term on a writing. A printed provision that is clearly part of an integrated contract is normally to be interpreted as consistent with other terms, but in cases of inconsistency a handwritten or typewritten term inserted in connection with the particular transaction ordinarily prevails * * * It is sometimes said generally that handwritten terms control typewritten and printed terms, and typewritten control printed. See Uniform Commercial Code § 3-118(b).” (Comment f [superseded standard terms].)
The proliferation of computer software programs used to create legal documents has created multitudinous problems of interpretations for the courts. In the instant case, this court must determine whether the computer software program is a printed form that can have typewritten additions incorporated into it or whether the printed form consists of the complete document produced by the computer’s printer.
To answer this conundrum, the court must first take a practical rather than a legal view of the question. Historically, when adding to a traditional printed form, the scribe would insert the form into a typewriter and make the appropriate changes and additions by striking a key on a keyboard. When the key *50 was struck, the image of that letter appeared simultaneously on the inserted paper. Later, with the advent of electronic typewriters, the scribe was afforded a delay between the moment the key was struck and the imprint on the paper in order to note any errors. Only when the appropriate manual instruction was given did the image appear on the inserted form. Currently, computer word processing programs afford an individual the ability to delay transcription to hard copy until he or she is completely satisfied with the result.
Applying these practical acknowledgments of the workings of modern computer word processing technology, it appears that the only reasonable answer to the question posed is that the software program format is the printed form, and the word processed additions are the typewritten words.
In Lanni v Smith (89 AD2d 782 [4th Dept 1982]), the Court stated that under the accepted rule of construction, typewritten words should be given greater effect than printed ones upon the ground that they are the immediate language and terms selected by the parties themselves for the expression of their meaning, while the printed form is intended for general use without reference to particular objects and aims. Applying this theory to the instant case, the words “This is a Guesstimate” is a specific reference to the alleged intent of the parties at the time the agreement was formed, whereas the word “Estimate” appears on all of the contractor’s agreements without reference to individual clients or work. (See Ebbecke v Bay View Envtl. Servs., 145 AD2d 524 [2d Dept 1988].) Additionally, the contractor’s software program could be independently printed out and inserted into a traditional typewriter to complete its blank portions without the contractor performing any function other than to touch the print key on its keyboard.
Although without making a specific ruling on this question, courts have acknowledged that a computer program can be considered a written instrument, meaning that it can be a written form in and of itself. (People v Lawrence, 169 Misc 2d 752 [Kings County 1996].) Further, in Matter of Pozarny (177 Misc 2d 752 [Erie County 1998]), the court noted that computer programs contain forms that can be added to by software users.
Based on the foregoing, this court rules that the words “This is a Guesstimate” is a typewritten addition to the computer software program generated document headed with the word “Estimate.”